BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LONG, an individual<br><br>        Plaintiff,<br><br>  v.<br><br>RAYTHEON COMPANY, a Delaware corporation; and DOES 1 - 50<br><br>        Defendants. | Case No. SA CV 13-00526 BRO (JPRx)<br><br>**DISCOVERY MATTER**<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER FOR THE PRODUCTION OF PROTECTED DOCUMENTS**<br><br>*[Filed concurrently with Stipulated Protective Order For The Production Of Protected Documents]*<br><br>Action filed: January 30, 2013<br>Trial date:  None |

**Recitals and Basis of Order:**

    A.    The PARTIES hereto are conducting discovery, which includes the production of documents, the answering of interrogatories and requests for admission, the taking of testimony by oral deposition and examination, and third-party subpoenas;

B. The PARTIES assert that certain documents and information responsive to the discovery contain material non-public financial information, personal employment records of non-PARTY individuals, or other private, confidential or proprietary or trade secret information, disclosure of which might result in irreparable harm to the respective PARTIES or third parties. Although propounding PARTIES may be entitled to the discovery sought, the PARTIES assert that any such information should remain non-public and protected;

C. The PARTIES therefore seek to reasonably limit disclosure of such non-public and protected information; and

D. The PARTIES have requested an Order based on their Stipulated Protective Order.

**Order:**

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The following definitions shall apply to this Stipulated Protective Order ("Protective Order"):

    a. The term "PROTECTED INFORMATION" shall mean and include originals and copies of all documents, portions of documents, answers to interrogatories, responses to requests for admission, testimony, depositions, affidavits, expert reports, legal briefs or memoranda, and any other information deemed by any PARTY to comprise or contain non-public, confidential, trade secret, proprietary information, or information protected by privacy rights belonging to the PARTIES or to third parties. PROTECTED INFORMATION shall include any materials deemed "Company Private." The provisions of this Protective Order shall not restrict the presentation and/or use of PROTECTED INFORMATION during courtroom proceedings, except as precluded by order of the Court under Rule 79-5.

Should any PARTY discover that PROTECTED INFORMATION was inadvertently produced in the course of this action, the PARTY may request that such information be designated as "PROTECTED," on a selective basis. If timely corrected, this inadvertent failure will not, standing alone, waive the Designating PARTY's right to secure protection as discussed in Section 5(b) below. The PARTY seeking to designate such information as PROTECTED agrees to seek permission from TRIAL COUNSEL for the PARTIES prior to designating such information as PROTECTED. In the event that TRIAL COUNSEL do not agree to such designation of information as PROTECTED, the designating PARTY has the burden to establish that such information should, in fact, be subject to this Order and shall thereafter meet and confer in good faith with the challenging PARTY(S) in an attempt to resolve the dispute. If the PARTIES are unable to mutually resolve said dispute within a reasonable time, the designating PARTY may file an appropriately noticed motion requesting the Court to resolve whether the disputed material is properly designated as PROTECTED INFORMATION. Pending the outcome of any challenge, the information shall be treated by the PARTIES as PROTECTED from the time of designation as such until such time as the Court finds otherwise. Any challenge to the designation of PROTECTED INFORMATION must comply with Local Rules 37-1 and 37-2, including the joint stipulation provisions referenced therein.

Nothing in this Protective Order is intended to affect or compromise the assertion of any claim of privilege by any PARTY with respect to any documents withheld from production on the basis of such privilege.

  b. The term "DOCUMENTS" shall include all material within the meaning of "writing" as defined by Federal Rule of Civil Procedure 34.

  c. The term "PARTY" or "PARTIES" shall mean Plaintiff David Long ("PLAINTIFF") and Defendant Raytheon Company ("RAYTHEON").

1  d. The term "TRIAL COUNSEL" shall mean (i) the attorneys, employees and agents of Hogie & Campbell, attorneys for PLAINTIFF; and (ii) the attorneys, employees, and agents of Burke, Williams & Sorensen, LLP, attorneys for Defendant RAYTHEON. Neither TRIAL COUNSEL nor the PARTIES hereto shall disclose PROTECTED INFORMATION to any substitute or additional trial counsel prior to such counsel's acknowledgment in writing that it is familiar with and agrees to comply with all provisions of this Protective Order.

2. Any PARTY may designate any documents, testimony, things, or other information produced in this litigation by them, or any of them, or by any third party, as PROTECTED INFORMATION in accordance with paragraph 1(a) of this Protective Order. Nothing in this Protective Order shall preclude the PARTIES from redacting additional privileged information on documents designated as containing PROTECTED INFORMATION.

If any PARTY seeks to challenge any other PARTY'S designation of material as PROTECTED INFORMATION, the challenging PARTY shall, within a reasonable time, not to exceed fourteen (14) days, notify the PARTY whose designation is being challenged, as well as all other PARTIES to this action, of the material being challenged and of the specific reasons therefor. The challenging PARTY and designating PARTY shall thereafter meet and confer in good faith in an attempt to resolve the dispute. If the PARTIES are unable to mutually resolve said dispute within a reasonable time, the designating PARTY may file an appropriately noticed motion requesting the Court to resolve whether the disputed material is properly designated as PROTECTED INFORMATION. Any challenge to the designation of PROTECTED INFORMATION must comply with Local Rules 37-1 and 37-2, including the joint stipulation provisions referenced therein.

3. All information designated as PROTECTED INFORMATION shall not be disclosed to anyone other than the following categories of people:

     a. PARTIES and their officers, counsel, directors, members and employees;

     b. TRIAL COUNSEL, its agents, representatives, and employees;

     c. Independent consultants, contractors, mediators, or experts retained for this litigation;

     d. Court personnel responsible for administering this litigation;

     e. Any person indicated on the face of the document to be its originator, author, or recipient, or the subject of or mentioned in the document.

The viewing of PROTECTED INFORMATION by any person in categories 3(a) through 3(e) shall not cause such PROTECTED INFORMATION to lose its confidential nature.

All persons, with the exception of categories (a), (b), (c), and (d) above, in the instant action to whom PROTECTED INFORMATION is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Attachment A.

To the extent that PROTECTED INFORMATION must be disclosed to deponents in the present action, TRIAL COUNSEL agree to obtain said deponent and/or witness' verbal agreement not to disclose the subject PROTECTED INFORMATION except in court and legal proceedings or as otherwise compelled by Court Order.

PROTECTED INFORMATION shall not be used for any purpose other than as is set forth in paragraph 11 of this Protective Order unless and until such designation is removed either by agreement by the PARTIES or by order of the Court. The protections conferred by this Protective Order cover not only PROTECTED INFORMATION (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing in this Protective Order should be construed to

1 prevent the use of PROTECTED INFORMATION as necessary in any Court or
2 legal proceeding in connection with this litigation, however such PROTECTED
3 INFORMATION shall not lose its protected status for other purposes through such
4 use.

5       4. Whenever a deposition or examination taken on behalf of any PARTY
6 involves a disclosure of PROTECTED INFORMATION:

7       a. Said deposition or examination or portions thereof shall be designated
8 as containing PROTECTED INFORMATION subject to the provisions of this
9 Protective Order at the time the deposition or examination is taken whenever
10 possible; however, any PARTY shall have until fifteen (15) days after receipt of the
11 signed deposition or examination transcript within which to designate in writing to
12 the other PARTIES to the action those portions of the transcript designated
13 PROTECTED INFORMATION;

14       b. Any PARTY shall have the right to exclude from attendance at
15 said deposition or examination, during such time as the PROTECTED
16 INFORMATION is to be disclosed, every individual not entitled under paragraph 3
17 of this Protective Order to receipt of the information, excluding the PARTIES, the
18 deponent, and the stenographer and/or videographer;

19       c. The originals of the portion of said deposition or examination
20 transcript that contain PROTECTED INFORMATION shall be designated by the
21 court reporter with the applicable legend, as instructed by the PARTY or non-
22 PARTY offering or sponsoring the witness or presenting the testimony.  Any
23 PARTY seeking to admit any so-designated deposition testimony shall notify the
24 designating PARTY within a reasonable time.  The challenging PARTY and
25 designating PARTY shall thereafter meet and confer in good faith in an attempt to
26 resolve the dispute.  If the PARTIES are unable to mutually resolve said dispute
27 within a reasonable time, the designating PARTY may apply to the Court that the
28 PROTECTED INFORMATION be filed under seal in compliance with Local Rule

1  79-5.  If the Court should refuse to seal the testimony, the PARTY seeking to admit
2  the so-designated deposition testimony may file without seal.
3       5.  Except as otherwise provided in this Order or as otherwise stipulated or
4  ordered, material that qualifies for protection under this Order must be clearly so
5  designated before the material is disclosed or produced.
6       Designation in conformity with this Order requires:
7       a.  for information in documentary form (apart from transcripts of
8  depositions or other pretrial or trial proceedings), that the Producing PARTY affix
9  the legend "PROTECTED" at the bottom of each page that contains protected
10 material.  If only a portion or portions of the material on a page qualifies for
11 protection, the Producing PARTY also must clearly identify the protected
12 portion(s) (e.g., by making appropriate markings in the margins).
13      A PARTY or non-PARTY that makes original documents or materials
14 available for inspection need not designate them for protection until after the
15 inspecting PARTY has indicated which material it would like copied and produced.
16 During the inspection and before the designation, all of the material made available
17 for inspection shall be deemed PROTECTED.  After the inspecting PARTY has
18 identified the documents it wants copied and produced, the Producing PARTY must
19 determine which documents, or portions thereof, qualify for protection under this
20 Order, then, before producing the specified documents, the Producing PARTY must
21 affix the legend "PROTECTED" at the bottom of each page that contains
22 PROTECTED INFORMATION in accordance with paragraph 5(a) herein.
23      b.  for information produced in other than documentary form or
24 deposition testimony, that the Producing PARTY affix in a prominent place on the
25 exterior of the container or containers in which the information or item is stored the
26 legend "PROTECTED."  If only portions of the information or item warrant
27 protection, the Producing PARTY, to the extent practicable, shall identify the
28 protected portions, specifying whether they qualify as "PROTECTED."  If timely

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ORDER ON
STIPULATED PROTECTIVE ORDER

1 corrected, an inadvertent failure to designate qualified information or items as
2 "PROTECTED" does not, standing alone, waive the Designating PARTY's right to
3 secure protection under this Order for such material. If material is appropriately
4 designated as "PROTECTED" after the material was initially produced, the
5 Receiving PARTY, on timely notification of the designation, must make reasonable
6 efforts to assure that the material is treated in accordance with the provisions of this
7 Order.

8     6.    A PARTY may not file with the Court any PROTECTED
9 INFORMATION without first obtaining written permission from the Designating
10 PARTY, or without meeting and conferring within a reasonable time with the
11 Designating PARTY to obtain such written permission and such that the
12 Designating PARTY may apply to the Court to file such information under seal, in
13 compliance with Federal Rule of Civil Procedure 5.2 and Local Rule 79-5.

14     7.    Nothing in this Protective Order shall bar or otherwise restrict TRIAL
15 COUNSEL from rendering legal advice to the attorney's PARTY-client with
16 respect to this action, and in the course thereof, relying upon an examination of
17 PROTECTED INFORMATION.

18     8.    The designation of information as PROTECTED INFORMATION
19 pursuant to this Protective Order shall not be construed as a concession by any
20 PARTY that such information is relevant, material, or admissible as to any issue.
21 Nothing in this Protective Order shall be construed as waiving any objection to the
22 production of evidence or to discovery requests or subpoenas, nor shall this
23 Protective Order be construed to require the production of any particular testimony,
24 documents, evidence, or other information.

25     9.    The termination of proceedings in this action shall not thereafter
26 relieve any person to whom PROTECTED INFORMATION was disclosed from
27 the obligation of maintaining the confidentiality of such information in accordance
28 with the provisions of this Protective Order. Within thirty (30) days of final

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER ON
STIPULATED PROTECTIVE ORDER

dismissal of this action (whether caused by judgment, settlement, or otherwise), and unless otherwise required by the PARTIES Professional Liability Insurance, the PARTIES and their TRIAL COUNSEL shall either: 1) assemble and return to the Producing PARTIES all PROTECTED INFORMATION, including all copies thereof (with the exception of attorney work product, pleadings, correspondence, and deposition transcripts ("Retained Materials")); or 2) destroy all PROTECTED INFORMATION, including all copies thereof (with the exception of Retained Materials). If counsel is required by a policy of Professional Liability Insurance to maintain the PROTECTED INFORMATION produced by any PARTY, counsel retaining such PROTECTED INFORMATION agrees to maintain the confidentiality of such.

10. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any PARTY from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing PROTECTED INFORMATION.

11. PROTECTED INFORMATION subject to this Protective Order shall be used solely and exclusively for purposes of pretrial discovery, trial, and post-trial proceedings, if any, in the above-captioned case, subject to the limitations contained herein. All persons to whom PROTECTED INFORMATION is disclosed, including TRIAL COUNSEL, are hereby enjoined from using said information for any personal, commercial, business, competitive, or other purpose whatsoever, including, but not limited to, trading on such information, or from using copies of documents obtained in this case, containing said information, in any other cases, proceedings, or disputes.

12. The PARTIES therefore acknowledge that a violation of this paragraph 11 or any of its subparts would cause immeasurable and irreparable damage in an amount incapable of precise determination. Accordingly, the PARTIES agree that

1  each PARTY may be entitled to injunctive relief in any court of competent
2  jurisdiction for any actual or threatened violation of paragraph 11 and all of its
3  subparts, in addition to any other available remedies.
4  　　　　The PARTIES therefore agree that the terms of paragraph 11 and all of its
5  subparts are a material inducement for the execution of this Protective Order.
6  　　　　13.　Subject to rules of evidence, information designated PROTECTED
7  INFORMATION may be offered in evidence at any hearing in this case.  Any
8  PARTY may move the Court for an order that the evidence be received *in camera*
9  at the hearing or under other conditions to prevent unnecessary disclosure, pursuant
10  to Local Rule 79-5.
11  　　　　14.　If any PARTY or other person authorized under this Protective Order
12  to receive information designated as PROTECTED INFORMATION receives a
13  subpoena or other document request from a non-PARTY to this Protective Order,
14  seeking production or other disclosure of such information, that PARTY or person
15  shall within seven (7) days give written notice by electronic mail and facsimile to
16  counsel for producing PARTY identifying the information requested and enclosing
17  a copy of the subpoena or document request before responding to such subpoena, to
18  allow Producing PARTY to object to the production of PROTECTED
19  INFORMATION.  If the Producing PARTY opposes production of the information
20  sought by the subpoena, then Producing PARTY may undertake such actions as it
21  deems appropriate to enforce this Protective Order or oppose enforcement of the
22  subpoena or document request.  Nothing in the Protective Order should be
23  construed to excuse any PARTY from obeying a lawfully issued subpoena or
24  process.
25  　　　　15.　Any PARTY may apply to the Court for a modification of this Order,
26  and nothing in the order shall be deemed to prejudice their rights to seek
27  modification.
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ORDER ON
STIPULATED PROTECTIVE ORDER

In the event any PARTY or non-PARTY shall violate or threaten to violate the terms of this Protective Order, any PARTY may apply under Local Rules 37-1 and 37-2 to obtain relief against any such person violating, or threatening to violate any of the terms of this Protective Order. The PARTIES and any other person subject to the terms of this Protective Order stipulate that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order, and further agree that the Protective Order may also be enforced in any other Court with competent jurisdiction.

**IT IS SO ORDERED.**

Dated: August 14, 2013

Jean P. Rosenbluth
U.S. District Court Magistrate Judge